People v Z.S. (2026 NY Slip Op 50151(U))

[*1]

People v Z.S.

2026 NY Slip Op 50151(U)

Decided on February 9, 2026

County Court, Albany County

Little, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 9, 2026
County Court, Albany County

The People of the State of New York,

againstZ.S., Defendant.

Indictment No. 72879-25

For the People:HON. LEE KINDLONAlbany County District AttorneyStephen Lydon, Esq.Albany County Judicial Center6 Lodge StreetAlbany, New York 12207For the Defendant:HON. YORDEN HUBANAlbany County Public DefenderRebecca Harp, Esq. 
112 State Street, 2nd FloorAlbany, New York 12207

William T. Little, J.

The defendant, an adolescent offender (hereinafter "AO"), was charged by indictment with Criminal Possession of a Weapon in the Second Degree, in violation of Penal Law § 265.03 (3), a Class C Violent Felony and Reckless Endangerment in the First Degree, in violation of Penal Law § 120.25, a Class D Felony. The AO was arraigned before this Court on December 1, 2025 and by correspondence dated December 4, 2025, the People conceded that none of the factors set forth in CPL 722.23 (2) (c) exist which would prevent removal to Family Court. The People reserved for submission of a motion pursuant to CPL 722.23 (1) and submitted such motion on January 2, 2026. The AO thereafter submitted papers in opposition on January 23, 2026. Following the Court's hearing held on February 3, 2026, the Court reserved decision and now makes the following findings of fact and conclusions of law pursuant to CPL 722.23 (e).
In its motion, the People contend that extraordinary circumstances exist primarily because the AO engaged in serious criminal acts within a three-month span. The People contend that this "demonstrates not an isolated lapse in judgment, but a continuing course of conduct reflecting a willingness to repeatedly place others at risk of serious physical injury or death." In support of their motion, the People provided the Court with the Grand Jury transcripts, various Grand Jury exhibits including the body worn camera footage of various responding police officers, photos of the scene of the alleged incidents as well as surveillance footage captured.
The AO contends that the People have not met their extraordinary circumstances burden. First, the AO notes that the prior criminal act that the People allege to have occurred is substantiated only by an indictment, and that rendering a decision based solely on this alleged crime would be inherently unfair. Moreover, the AO contends that the People "fail to allege what conduct in this case, separate and apart from the prior indictment, rises to the level or [sic] cruel and/or heinous" [emphasis added]. Additionally, the AO presents several mitigating factors for this Court's consideration.
The facts of this case allege that the AO discharged a firearm multiple times, at approximately 5 p.m. and in broad daylight, in a residential area on September 16, 2025 (Grand Jury Transcript B, pp. 9-11, 23). It is further alleged that at least one bullet travelled through the living room window and into an occupied home (Grand Jury Transcript B, pp. 9, 19-21).[FN1]
Also relevant here, the AO is alleged to have committed a homicide three months prior in which he similarly discharged a firearm multiple times Grand Jury Transcript A, pp. 23-26. However, during this incident, an individual was struck and killed by the gunfire (Grand Jury Transcript A, pp. 43, 58-59). The individual, a 15-year-old boy, was struck by this gunfire before succumbing to hemorrhagic shock and dying (Grand Jury Transcript A, p. 43; Grand Jury Exhibit A # 9).
CPL 722.23 (1) requires the Court deny the People's motion opposing removal unless they establish the existence of "extraordinary circumstances" that "prevent the transfer of the action to family court" (CPL 722.23 [1] [d]). Such motion should "contain allegations of sworn fact based upon personal knowledge of the affiant" (CPL 722.23 [1] [b]). Although "extraordinary circumstances" are not defined by statute, and "the words of the statute are the best evidence of the Legislature's intent, legislative history may also be relevant as an aid to construction of the meaning of words" (People v Aaron VV., — AD3d —, —, 242 NYS3d 411, 415 [3d Dept 2025]). Here, "the legislative history for CPL 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as. . . all of the circumstances of the young person,' including both mitigating and aggravating factors" (People v Guerrero, 235 AD3d 1276, 1277 [4th Dept 2025], quoting NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39).
It is true that "[t]he Legislature did not designate weapon possession offenses categorically ineligible for removal. Instead, it limited ineligibility to cases in which the People prove, by a preponderance of the evidence, that the adolescent "displayed a firearm" or "deadly [*2]weapon" in furtherance of an offense" (People v Lloyd F., — AD3d —, —, 240 NY3d 751, 758 [2d Dept 2025]). However, "Assembly Member Joseph Lentol, one of the drafters speaking in favor of the bill . . . described that [extraordinary circumstances] may be satisfied where the defendant has committed 'a series of serious crimes . . . over the course of many days' [or] where the 'defendant acted in a cruel and heinous manner' " (People v Aaron VV., 242 NYS3d at 415, quoting NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39-40).
Here, it is alleged that the AO's criminal actions are not an isolated incident. The facts as alleged by the People demonstrate that the AO committed these series of crimes within a three-month span (see People v Aaron VV., 242 NYS3d at 415; People v A.T., 63 Misc 3d 891, 893-894 [Family Ct, Erie County 2019] [noting defendant being charged with multiple felonies within weeks of one another]). Moreover, it is alleged that the AO was not thwarted by the child's death that he caused, but that he continued to engage in wanton behavior that could have easily caused the death of additional individuals (see People v R.U., 70 Misc 3d 540, 549 [County Court, Nassau County 2020]). To this end, the allegations in this instance are not that the AO merely possessed the firearm, but that he discharged same.[FN2]
Here, the AO is alleged to have fired multiple shots in a residential area, with police recovering eight expended cartridge casings — at least one of which entered a residence. Under the facts alleged, the Court finds that the circumstances of this case are "exceptional" and at the very least, "highly unusual" (see People Aaron VV., 242 NYS3d at 415, quoting NY Assembly Debaxe on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39).[FN3]

The Court has reviewed the mitigating factors as raised by the AO including his purported educational difficulties, financial hardships and familial issues and finds that they are outweighed by the prior homicide alleged to have been carried out by the AO, the alleged discharge of the firearm by the AO during broad daylight and in a residential area, the timeline of such incidents as well as the number of cartridges expended by the AO in the subject incident. Accordingly, "[u]nder the totality of the circumstances, the [C]ourt finds, having balanced the aggravating and mitigating factors in this case, and considering the seriousness of the charges brought against this AO, that there are extraordinary circumstances which warrant keeping this AO's case in the Youth Part through disposition" (People v R.U., 70 Misc 3d 540 at 549; see People v Guerrero, 235 AD3d at 1278).
The above constitutes the Decision and Order of the Court.
Dated: Albany, New YorkFebruary 9, 2026HON. WILLIAM T. LITTLE

Footnotes

Footnote 1:The Court will refer to the Grand Jury transcript related to the subject indictment (IND-72879-25) as "Grand Jury Transcript B" and the Grand Jury transcript related to the indictment for the acts allegedly committed three months prior (IND-72379-25) as "Grand Jury Transcript A." Grand Jury exhibits will similarly be referenced.

Footnote 2:Although this Court considers the mere possession of a firearm by a child "highly unusual[,]" the Court acknowledges that the language of the statute further requires that this criminal act also exist under "extraordinary circumstances" (CPL 722.23 [1] [a], [c]; see People Aaron VV., 242 NYS3d at 415).

Footnote 3:Although the AO contends that his prior acts are substantiated solely by an indictment, an extraordinary motion need only be supported by "allegations of sworn fact based upon personal knowledge of the affiant" (CPL 722.23 [1] [b]]).